UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CONNIE MOTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-3634** |
| **UNDERWRITERS AT LLOYD'S LONDON** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

On October 14, 2022, Plaintiff Connie Moton filed a Complaint with this Court alleging breach of an insurance contract. Plaintiff asserts that Defendant Underwriters at Lloyd's at London maintained an insurance policy (No. LI083594-11) on Plaintiff's property, located at 110 Grant Loop Road, Napoleonville, Louisiana, and that Defendant has failed to pay amounts due under the policy.

Plaintiff Moton's Complaint alleges the insurance policy was in effect on October 9, 2020, and August 29, 2021, the dates when Hurricanes Delta and Ida, respectively, made landfall in Louisiana. Plaintiff Moton further alleges that the damage to the insured property was of the type that the policy covered. After submitting proof to support her insurance claims and undergoing an

investigation by Defendant, Plaintiff alleges that she was not paid the amounts owed and seeks to recover those amounts. Plaintiff also requests special damages, statutory penalties, attorneys' fees, interest, and costs, pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973.

On February 10, 2023, Defendant filed a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6). Then, on February 23, 2023, Plaintiff filed a Motion for Leave to File Amended Complaint, which Defendant opposed. Before a ruling on either motion was issued, the Court ordered all cases relating to Hurricane Ida filed by McClenny, Mosley, & Associates stayed until further order.[1] In light of the Stay Order, Magistrate Judge Karen Wells Roby denied Plaintiff's Motion for Leave to File an Amended Complaint as moot and without prejudice to be re-urged after the stay is lifted.[2]

The Motion has not yet been re-urged. On June 14, 2023, the Court lifted the stay on this case.[3] This Court now considers Defendant's Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "'state a claim to relief that is plausible on its face.'"[4] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw

---

[1] Doc. 14.
[2] Doc. 15.
[3] Doc. 23.
[4] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)) (internal quotations omitted).
[5] *Id.*

all reasonable inferences in the plaintiff's favor."[6] The Court need not, however, accept as true legal conclusions couched as factual allegations.[7]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[9] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[10]

While a court is generally limited to factual allegations contained in the pleadings when ruling on a Rule 12(b)(6) motion to dismiss, a court may consider documents attached to a defendant's motion to dismiss "'if they are referred to in the plaintiff's complaint and are central to her claim.'"[11] In her Complaint, Plaintiff asserts that she is entitled amounts owed for property damage claims under Policy No LI083594-11.[12] While Plaintiff did not attach the Policy to her Complaint, this Court may nonetheless consider the Policy appended to Defendant's Motion to Dismiss because it is central to Plaintiff's breach of contract claim and referenced throughout Plaintiff's Complaint.

## LAW AND ANALYSIS

The Court will now consider each of Defendant's arguments for dismissal of Plaintiff's claims. The Court notes that Plaintiff's Motion for Leave to File Amended Complaint was denied as moot while the case was stayed. The stay

---

[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[7] *Iqbal*, 556 U.S. at 667.
[8] *Id.*
[9] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[10] *Lormand*, 565 F.3d at 255–57.
[11] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)).
[12] *See* Doc. 1 at 1.

3

has been lifted, and Plaintiff has not re-urged the issue. Thus, the Court only considers Plaintiff's Complaint filed on October 4, 2022.

### A. Policy No. LI083594-11's Effective Date

In her Complaint, Plaintiff asserts that "[a]t all times relevant and material to this matter, the property was insured against property damage by a policy of insurance issued and maintained by Defendant bearing policy number LI083594-11."[13] Relevant to her claim for property damage, Plaintiff further asserts that the "Policy was in full force and effect on both October 9, 2020 and August 29, 2021," which are the dates that Hurricane Delta and Hurricane Ida made landfall in Louisiana, respectively.[14]

A review of Policy No. LI083594-11 shows that the Policy was to be in effect from December 8, 2020 to December 8, 2021.[15] However, Hurricane Delta made landfall on October 9, 2020, before the Policy was effective. Because Plaintiff only asserts that amounts are owed under Policy No. LI083594-11, Plaintiff has not sufficiently pled facts to state a claim for breach of the insurance contract as to property damage caused by Hurricane Delta.

### B. Plaintiff's Status as an Insured

Assuming Plaintiff can sufficiently plead that a contract existed, Defendant further argues that Plaintiff cannot succeed on this claim because she is not a named insured or beneficiary under the Policy. "Under Louisiana law, '[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation on contracts set forth in the Louisiana Civil Code.'"[16] "To state a claim under an insurance policy, the

---

[13] Doc. 1 at 1.
[14] *Id.* at 3.
[15] Doc. 9-2 at 52.
[16] *In re* Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir. 2007) (quoting Cadwallader v. Allstate Ins. Co., 848 So. 2d 577, 580 (La. 2001)).

plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy."[17] The Court must now determine whether Plaintiff Moton is a named insured, additional named insured, or third-party beneficiary under Policy No. LI083594-11.

### 1. *Named Insured or Additional Named Insured*

Plaintiff asserts that she, as owner of the covered property, was in privity of contract—i.e., the Policy—with Defendant. However, Defendant asserts that Plaintiff was not a party to the insurance contract. Policy No. LI083594-11 only lists "Margie C and Charlie Moton" as named insureds.[18] Thus, Plaintiff is not a named insured of the Policy under which she claims amounts are owed.

The Policy further permits additional insureds to assert insurance contract claims on behalf of a deceased insured.[19] However, Plaintiff only asserts her claim as property owner and does not allege any facts that could support a finding that she is an additional named insured according to the Policy provisions. Thus, Plaintiff is not an additional insured of the Policy.

### 2. *Third-Party Beneficiary*

To be considered a third-party beneficiary under Louisiana law, the stipulation must be "manifestly clear" and is never presumed.[20] In her complaint, Plaintiff does not cite to any provisions from the Policy that would demonstrate clear intent to have Plaintiff as a third-party beneficiary.

According to the facts pleaded in Plaintiff's Complaint, she is not a named insured, additional insured, or intended third-party beneficiary to the Policy. Therefore, Plaintiff's breach of contract claim is dismissed. Because

---

[17] Barbe v. Ocwen Loan Servicing, LLC, 383 F. Supp. 3d 634, 641 (E.D. La. 2019).
[18] Doc. 9-2 at 52
[19] *Id.* at 36.
[20] Price v. Hous. Auth. of New Orleans, 453 Fed. App'x 446, 450 (5th Cir. 2011); Joseph v. Hosp. Serv. Dist. No. 2 of the Par. of St. Mary, 939 So. 2d 1206, 1212 (La. 2006).

Plaintiff has not stated a breach of contract claim, she cannot succeed on her claims for bad faith claims handling practices.[21] These claims are likewise dismissed. However, the Court again notes that Plaintiff filed a Motion for Leave to File an Amended Complaint, which was denied as moot to be re-urged after the stay on this case was lifted. The Court will allow Plaintiff twenty days to amend her Complaint to plead sufficient facts to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE** to be reurged. Plaintiff must file an amended complaint, if any, within twenty days of this Order.

New Orleans, Louisiana this 6th day of September, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[21] Barbe v. Ocwen Loan Servicing, LLC, 383 F. Supp. 3d 634, 643 (E.D. La. 2019).